IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

RYAN BONNEAU,

        Petitioner,

v.

J.E. THOMAS,

        Respondent.

Case No. 11-CV-801-ST

ORDER

BROWN, District Judge.

This 28 U.S.C. § 2241 habeas corpus action comes before the Court on Petitioner's second Motion for Preliminary Injunction (docket #35) as well as his Motion for Additional Preliminary Injunction (docket #42).

**BACKGROUND**

Petitioner filed his first Motion for Temporary Restraining Order (docket #19) on August 11, 2011 in which he asked the Court to: (1) prevent Respondent from enforcing a 180-day telephone

1 - ORDER

restriction resulting from a disciplinary conviction resulting from his allegedly improper use of a telephone ("Telephone Hearing"); and (2) order Respondent to reinstate him in the Residential Drug and Alcohol Program ("RDAP") program at FCI-Sheridan. On September 15, 2011, the Court granted Petitioner preliminary injunctive relief as to the reinstatement of his telephone privileges, but denied such relief as to his reinstatement in the RDAP program.

Petitioner now seeks preliminary injunctive relief in the form of: (1) reinstatement in RDAP; (2) restoration of 13 days of good-time credits taken at the conclusion of the Telephone Hearing; (3) reinstatement of 90 days preferred housing privileges which he lost resulting from his allegedly unlawful possession of a legal dictionary in his cell ("Dictionary Hearing"); and (4) reinstatement of a second 90-day preferred housing sanction and a 90-day commissary restriction resulting from a newer disciplinary conviction where he was found guilty of sending money to another inmate ("Money Hearing").

## STANDARDS

As the Court set out in its previous Order granting Petitioner partial preliminary injunctive relief, a preliminary injunction is appropriate if the moving party demonstrates either: (1) a combination of probable success on the merits and the possibility of irreparable harm; or (2) serious questions are raised and the balance of hardships tips in its favor. *LGS Architects, Inc. v.*

*Concordia Homes of Nevada*, 434 F.3d 1150, 1155 (9th Cir. 2006). These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. *Id.* A request for a mandatory injunction seeking relief well beyond the status quo is disfavored and shall not be granted unless the facts and law clearly favor the moving party. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319-20 (9th Cir. 1994).

## DISCUSSION

### I. Failure to Exhaust

As an initial matter, Respondent asserts Petitioner has failed to exhaust the administrative remedies available to him with respect to either the Telephone Hearing or the Dictionary Hearing, thus the Court should dismiss this action. Federal prisoners must exhaust their federal administrative remedies prior to filing a habeas corpus petition. *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986); *see also Fendler v. United States Parole Com'n*, 774 F.2d 975, 979 (9th Cir. 1985). The exhaustion requirement is not, however, jurisdictional. *Arango Marquez v. INS*, 346 F.3d 892, 897 (9th Cir. 2003); *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990).

In his Response to the Petition for Writ of Habeas Corpus, Respondent did not raise an exhaustion defense, nor did he raise the defense in response to Petitioner's first Motion for

3 - ORDER

Preliminary Injunction when Respondent failed to file a response to that Motion altogether. For the first time, and after the grant of preliminary injunctive relief to Petitioner and full briefing by the parties, Respondent now seeks to invoke a non-jurisdictional exhaustion defense in his Response to the second Motion for Preliminary Injunction. The Court concludes that waiver of the exhaustion requirement is appropriate under these circumstances.

## II. Reinstatement in RDAP

Petitioner first asks the Court to reconsider its earlier decision refusing to compel Respondent to place Petitioner in the RDAP program. The Court stands by its earlier decision that Petitioner's removal from RDAP is an individual determination pertaining to his eligibility for early release pursuant to 18 U.S.C. § 3621(e) and is not reviewable by this Court. *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011).

## III. Restoration of Good-Time Credits

With respect to the restoration of Petitioner's 13 days of good-time credits lost following the Telephone hearing, Petitioner has made no showing of irreparable harm. According to the documents before the Court, Petitioner is not due to be released until April 26, 2013. Declaration of Jennifer Vickers, Att. 2. This case is currently scheduled to be taken under advisement on

December 1, 2011.[1] Because there is no possibility of irreparable injury pertaining to the 13 days of good-time credits at issue, Petitioner is not entitled to their immediate restoration.

## IV. Reinstatement of Housing Privileges Lost Following Dictionary Hearing

Petitioner next asks the Court to order Respondent to reinstate the 90-day loss of privileged housing which resulted from the Dictionary Hearing. When Petitioner was found guilty of improperly possessing a legal dictionary in his cell, the Disciplinary Hearings Officer sanctioned him with seven days in the Disciplinary Segregation Unit and 90 days loss of preferred housing. Petitioner was not sanctioned to any loss of good-time credits as the result of this disciplinary hearing.

Habeas corpus is not available simply as a mechanism by which to expunge a prison disciplinary conviction. Instead, habeas corpus is the appropriate remedy where the disciplinary sanction levied will likely have an adverse impact on the duration of the inmate's sentence. *Ramirez v. Galaza*, 334 F.3d 850, 858-59 (9th Cir. 2003). Where the execution of the inmate's sentence is not affected by a disciplinary conviction, a civil rights action is the appropriate vehicle by which to expunge the resulting sanctions. *Id.*

---

[1] Because this case is fully briefed and ready for disposition, the Court will expedite its consideration of the Petition as set forth in the Conclusion of this Order.

Because the Dictionary Hearing did not result in any sanction which will impact the execution of Petitioner's sentence, § 2241 is not Petitioner's appropriate remedy with respect to that hearing. As such, preliminary injunctive relief is not appropriate.

## V. Sanctions Resulting from Money Hearing

Finally, Petitioner alleges he was sanctioned to the loss of 90 days privileged housing and 90 days loss of commissary use because he sent another inmate money. He claims the incident report giving rise to the disciplinary charge had been expunged, but the charge suspiciously arose again and led to sanctions after this Court granted him preliminary injunctive relief and restored his telephone privileges. As a result, he believes the sanctions ultimately levied against him following the Money Hearing were in retaliation for his success on his first Motion for Preliminary Injunction, and he asks the Court to immediately restore the privileges he lost following the Money Hearing.

Nowhere in the operative pleading in this case does Petitioner make an allegation regarding the legality of the Money Hearing or its sanctions. Because the claims raised in Petitioner's Motion for Additional Preliminary Injunction are not at issue in this case, he is unable to demonstrate any likelihood of success on the merits of these claims. As such, preliminary injunctive relief is not appropriate.

///

6 - ORDER

## CONCLUSION

Petitioner's second Motion for Preliminary Injunction (docket #35) and his Motion for Additional Preliminary Injunction (docket #42) are DENIED. Because this case is fully briefed and ready for disposition, the Court will take this case Under Advisement on October 17, 2011.

IT IS SO ORDERED.

DATED this 17 day of October, 2011.

_____
Anna J. Brown
United States District Judge

7 - ORDER