UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


RYAN BONNEAU,

       Petitioner,

                       Case No. 3:11-cv-801-ST

       v.                  FINDINGS AND RECOMMENDATION

J.E. THOMAS,

       Respondent.

       Ryan Bonneau
       66700-065
       FCI Sheridan
       PO Box 5000
       Sheridan, OR 97378

             Petitioner, *Pro Se*

       Ronald K. Silver
       United States Attorney's Office
       1000 SW Third Ave., Suite 600
       Portland, OR 97204-2902

             Attorneys for Respondent

    1 - FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2241 challenging the legality of two prison disciplinary hearings conducted at FCI-Sheridan. For the reasons that follow, the Amended Petition for Writ of Habeas Corpus (docket #10) should be granted in part and denied in part.

## BACKGROUND

Petitioner in this 28 U.S.C. § 2241 habeas corpus proceeding challenges the legality of two prison disciplinary hearings. First, on June 23, 2011, petitioner was charged with Use of Telephone for Abuses other than Criminal Activity in violation of 28 C.F.R. § 541.13. This charge stemmed from an incident where petitioner called family members of his cellmate, Robert Hammond, to alert them that Hammond had been taken to an outside hospital for medical treatment. According to the Incident Report, notifying family of inmates who are on outside medical trips poses a serious security risk, and "it states in the Federal Correctional Institution Admission & Orientation handbook that inmates are prohibited from using the telephone to relay and/or pass messages along regarding other inmates." Cortez Declaration, Attachment 1, p. 1.

At petitioner's disciplinary hearing on this charge ("Use of Telephone Hearing"), he sought to call inmate Hammond in order to prove that he had not forwarded a message on his behalf and

therefore, could not be guilty of relaying or passing along a message. The Disciplinary Hearings Officer ("DHO") denied his request to call Hammond as a witness as a moot issue because who asked petitioner to place the calls "was not in question." Cortez Declaration, Attachment 2, p. 2. The DHO also informed petitioner that he was changing the disciplinary charge to Conduct Which Disrupts the Security or Orderly Running of a BOP Facility. *Id* at 2-3;Amended Petition, p. 8. This was done summarily with no written notice of the new charge and no opportunity to call witnesses and/or present documentary evidence.

The DHO found petitioner committed the prohibited act of Conduct Which Disrupts or Interferes With the Security or Orderly Running of a BOP Facility, Most Like: Interfering With a Security Procedure. Cortez Declaration, Attachment 2, p. 4. According to the DHO, petitioner's actions threatened the security of Hammond's escorting officers as well as the general public. *Id*. As a result, the DHO ordered petitioner to forfeit 13 days of good-time credit and six months of telephone privileges. *Id*.

On June 24, 2011, petitioner was charged with a second institutional violation, Possession of Anything not Authorized in violation of 28 C.F.R. § 541.13. *Id*, Attachment 3, p. 1. This charge arose from an incident where petitioner was found to have a Black's Law Dictionary in his sell which was repeatedly stamped "Do not remove from law library, contraband." *Id*. Petitioner

3 - FINDINGS AND RECOMMENDATION

proceeded to a disciplinary hearing ("Dictionary Hearing") where the DHO found that petitioner committed the infraction.  *Id*, Attachment 4.  As a result, the DHO sanctioned him to seven days in the Disciplinary Segregation Unit ("DSU") and 90 days loss of preferred housing.  *Id*, p. 3.  Petitioner did not forfeit any good-time credits based on this incident.  *Id.*

Petitioner filed his Amended Petition for Writ of Habeas Corpus on July 27, 2011, alleging violations of the First Amendment, procedural due process rights, and substantive due process rights.  He asks the court to expunge both incident reports, reverse all sanctions, reinstate his good-time credits, order his readmission to the Residential Drug and Alcohol Treatment Program ("RDAP"), and declare that his constitutional rights were violated.

## **FINDINGS**

### I.   **RDAP Reinstatement**

Petitioner was removed from the RDAP program earlier this year, and believes that this removal stemmed from his disciplinary convictions.  However, the decision to remove petitioner from RDAP was made by Drug Abuse Program Coordinator Daniel Dougherty, not by the DHO. Declaration of Daniel Dougherty, Att. 1.  Dougherty removed petitioner not only based on recent disciplinary infractions, but also for "missing numerous days of first module." *Id.*

4 - FINDINGS AND RECOMMENDATION

Even assuming these missing days resulted from sanctions imposed by the DHO, petitioner's removal from RDAP is an individual determination pertaining to his eligibility for early release pursuant to 18 U.S.C. § 3621(e) and is not reviewable by this court. *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011).

## II.   Use of Telephone Hearing

Petitioner takes issue with his conviction at the conclusion of the Use of Telephone Hearing on due process grounds.  According to petitioner, the Bureau of Prisons ("BOP") is required to notify an inmate's family when the inmate is so ill as to require outside hospitalization. Amended Petition, pp. 3-4.  Respondent does not refute this assertion, and the court accepts it as true.

In cases where good time credits have been revoked, as occurred as a sanction for this violation, an inmate's liberty interest under the due process clause is implicated. *Wolff v. McDonnell*, 418 US 539 (1974).  It is well settled that "[t]he Due Process Clause contains a substantive component that bars certain arbitrary, wrongful government actions 'regardless of the fairness of the procedures used to implement them.'" *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (quoting *Daniels v. Williams*, 474 U.S. 327, 331 (1986)).  The BOP was responsible for notifying Hammond's family of his serious illness which required hospitalization.  The BOP apparently did not do so, as Hammond's family first received

this information from petitioner before contacting the BOP themselves. Amended Petition, p. 3.

It is difficult to conclude that petitioner's telephone call to Hammond's family created any unique security risks which would not have been associated with any such communication from a BOP official. Indeed, according to the BOP's assigned investigator, petitioner "didn't mention which hospital inmate Hammond was located." Cortez Declaration, Attachment 1, p. 2. Thus, he did not divulge any more information to Hammond's family than the BOP should have, and his conviction on this basis violates his substantive due process rights.

With respect to petitioner's procedural due process claim, it is clear from the record in this case that he was not provided with all the due process required by *Wolff*. Specifically, when the DHO changed the charge in the midst of the disciplinary hearing from Use of the Telephone for Abuses other than Criminal Activity to Conduct Which Disrupts or Interferes With the Security or Orderly Running of a BOP Facility, petitioner was not: (1) provided advance written notice of the new charge; and (2) allowed an opportunity to call witnesses and present documentary evidence in his defense to the new charge. Had he been provided with notice and an opportunity to defend against this new charge, he could have had other witnesses testify, such as the guards who brought Hammond to and from the hospital to verify that BOP's safety and security were

not impacted by petitioner's telephone calls. As a result, petitioner's procedural due process rights were violated as well.

Based on the violations of petitioner's due process rights, relief should be granted on the Amended Petition as to the Use of Telephone Hearing, expunge the relevant Incident Report, and reverse all sanctions resulting from that Hearing.

## III. **Dictionary Hearing**

When petitioner was found guilty of improperly possessing a legal dictionary in his cell, the DHO sanctioned him with seven days in the DSU and 90 days loss of preferred housing. Unlike the Use of Telephone Hearing, petitioner was not sanctioned to any loss of good-time credits as the result of the Dictionary Hearing.

Habeas corpus is not available simply as a mechanism by which to expunge a prison disciplinary conviction. Instead, habeas corpus is the appropriate remedy where the disciplinary sanction levied will likely have an adverse impact on the duration of the inmate's sentence. *Ramirez v. Galaza*, 334 F.3d 850, 858-59 (9th Cir. 2003). Where the execution of the inmate's sentence is not affected by a disciplinary conviction, a civil rights action is the appropriate vehicle by which to expunge the resulting sanctions. *Id.*

Because the Dictionary Hearing did not result in any sanction which will impact the execution of petitioner's sentence, § 2241 is

not petitioner's appropriate remedy with respect to that hearing. As such, relief as to the Dictionary Hearing should be denied.

## RECOMMENDATION

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (docket #10) should be GRANTED as to the disciplinary hearing resulting in petitioner's conviction for Conduct Which Disrupts or Interferes With the Security or Orderly Running of a BOP Facility, such that the incident report should be EXPUNGED and all sanctions resulting from that particular hearing should be REVERSED.  Relief on the remainder of the claims in the Amended Petition should be DENIED.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge.  Objections, if any, are due November 14, 2011.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 27th day of October, 2011.

                    s/  Janice M. Stewart
                    Janice M. Stewart
                    United States Magistrate Judge


8 - FINDINGS AND RECOMMENDATION