IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

RYAN BONNEAU,

        Petitioner,

v.

J.E. THOMAS,

        Respondent.

3:11-CV-1347-ST
3:11-CV-801-ST

ORDER

RYAN BONNEAU
#66700-065
FCI Sheridan
P.O. Box 5000
Sheridan, OR 97378

        Petitioner, *Pro Se*

**S. AMANDA MARSHALL**
United States Attorney
**RONALD SILVER**
Assistant United States Attorney
**TROY DORRETT**
Counsel for Bureau of Prisons
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

        Attorneys for Respondent

1 - ORDER

**BROWN, Judge.**

The Court acknowledges receipt of Petitioner Ryan Bonneau's recent filings in Case No. 11-CV-1347-ST: Petitioner's Emergency Motion (#16) for T.R.O./Preliminary Injunction, Petitioner's Declarations (#19, #21, #22) in Support of his Motion for T.R.O./Preliminary Injunction, Petitioner's Motion (#17) for Emergency Status Conference, and Petitioner's Statement (#20) RE: Court's Order (#14). The Court also acknowledges receipt of Petitioner's recent filings in Case No. 11-CV-801-ST: Petitioner's Motion (#54) for Temporary Restraining Order and Petitioner's Supplemental Objections (#55) to Magistrate Judge Janice M. Stewart's Findings and Recommendation (#47).

With respect to each of these filings, the Court **directs** Respondent to file a response **no later than 10:00 a.m. on Wednesday January 18, 2012.** The Court further **directs** Respondent to provide a copy of each such response to Petitioner **no later than 10:00 a.m. on Wednesday January 18, 2012.**

The Court will hold a hearing on these matters on Thursday January 19, 2012, at 10:30 a.m. The Court **directs** Respondent as follows: to provide a copy of this Order immediately to Petitioner in the Special Housing Unit at FCI Sheridan and to file a notice in the record reflecting Respondent has done so; to ensure Petitioner's availability for a telephone conference at

2 - ORDER

10:00 a.m. on Thursday January 19, 2012; to ensure the participation of a knowledgeable witness from the Bureau of Prisons to answer the Court's questions about the recent matters alleged by Petitioner.

The Court emphasizes to Petitioner that even though the Court granted temporary relief to Petitioner in its Temporary Restraining Order (#9) issued on December 28, 2011, in Case No. 11-CV-1347-ST, that relief was limited only to *potential* discipline arising from the specific incident report challenged in Petitioner's Motion relating to email or telephone limitations. Furthermore, in light of the Status Report (#11) and supporting Declaration (#12) by Respondent indicating the incident report that formed the basis of the Court's TRO was expunged and Respondent would not impose any discipline based on that report, the Court vacated the TRO (#9) and it is no longer in effect. Thus, Petitioner does not have any basis to contend that any action by Respondent is in violation of the TRO previously issued and vacated by the Court in this matter.

IT IS SO ORDERED.

DATED this 12th day of January, 2012.

_____
ANNA J. BROWN
United States District Judge

3 - ORDER