**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**PORTLAND DIVISION**

**RYAN BONNEAU,** **3:11-CV-801-ST**

**Petitioner,** **ORDER**

**v.**

**J.E. THOMAS,**

**Respondent.**

**RYAN BONNEAU**
#66700-065
FCI Sheridan
P.O. Box 5000
Sheridan, OR 97378

Petitioner, *Pro Se*

**S. AMANDA MARSHALL**
United States Attorney
**RONALD SILVER**
Assistant United States Attorney
**TROY DORRETT**
Counsel for Bureau of Prisons
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1003

Attorneys for Respondent

**BROWN, Judge.**

On October 27, 2011, Magistrate Judge Janice M. Stewart issued Findings and Recommendation (#47) in which she recommends the Court grant in part and deny in part Petitioner's Amended Petition (#10) for Writ of Habeas Corpus. On November 10, 2011, Respondent filed timely Objections (#49) to the Findings and Recommendation. On November 29, 2011, Petitioner filed his Objections (#50) to the Findings and Recommendation. On November 30, 2011, Petitioner filed his Response (#52) to Respondent's Objections. On January 10, 2012, Petitioner filed Supplemental Objections (#55). On January 18, 2012, Respondent filed his Response (#57) to Petitioner's Supplemental Objections.

The matter is now before this Court for review pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*). For those portions of the Findings and Recommendation to which the parties do not object, the Court is relieved of its obligation to review the record *de novo*. *Shiny Rock Min. Corp v. U.S.*, 825 F.2d 216, 218.

(9th Cir. 1987). *See also Lorin Corp. v. Goto & Co.*, 700 F.2d 1202, 1206 (8th Cir. 1983).

**BACKGROUND**

Petitioner seeks a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the legality of two prison disciplinary hearings conducted at the Federal Correctional Institution in Sheridan, Oregon. The relevant facts were set out by the Magistrate Judge in the Findings and Recommendation, and the Court repeats the factual background herein for context:

> Petitioner in this 28 U.S.C. § 2241 habeas corpus proceeding challenges the legality of two prison disciplinary hearings. First, on June 23, 2011, petitioner was charged with Use of Telephone for Abuses other than Criminal Activity in violation of 28 C.F.R. § 541.13. This charge stemmed from an incident where petitioner called family members of his cellmate, Robert Hammond, to alert them that Hammond had been taken to an outside hospital for medical treatment. According to the Incident Report, notifying family of inmates who are on outside medical trips poses a serious security risk, and "it states in the Federal Correctional Institution Admission & Orientation handbook that inmates are prohibited from using the telephone to relay and/or pass messages along regarding other inmates." Cortez Declaration, Attachment 1, p. 1.
>
> At petitioner's disciplinary hearing on this charge ("Use of Telephone Hearing"), he sought to call inmate Hammond in order to prove that he had not forwarded a message on his behalf and therefore, could not be guilty of relaying or passing along a message. The Disciplinary Hearings Officer ("DHO") denied

his request to call Hammond as a witness as a moot issue because who asked petitioner to place the calls “was not in question.” Cortez Declaration, Attachment 2, p. 2. The DHO also informed petitioner that he was changing the disciplinary charge to Conduct Which Disrupts the Security or Orderly Running of a BOP Facility. *Id* at 2-3; Amended Petition, p. 8. This was done summarily with no written notice of the new charge and no opportunity to call witnesses and/or present documentary evidence.

The DHO found petitioner committed the prohibited act of Conduct Which Disrupts or Interferes With the Security or Orderly Running of a BOP Facility, Most Like: Interfering With a Security Procedure. Cortez Declaration, Attachment 2, p. 4. According to the DHO, petitioner's actions threatened the security of Hammond's escorting officers as well as the general public. *Id*. As a result, the DHO ordered petitioner to forfeit 13 days of good-time credit and six months of telephone privileges. *Id*.

On June 24, 2011, petitioner was charged with a second institutional violation, Possession of Anything not Authorized in violation of 28 C.F.R. § 541.13. *Id*, Attachment 3, p. 1. This charge arose from an incident where petitioner was found to have a Black's Law Dictionary in his sell which was repeatedly stamped "Do not remove from law library, contraband." *Id*. Petitioner proceeded to a disciplinary hearing ("Dictionary Hearing") where the DHO found that petitioner committed the infraction. *Id*, Attachment 4. As a result, the DHO sanctioned him to seven days in the Disciplinary Segregation Unit (“DSU”) and 90 days loss of preferred housing. *Id*, p. 3. Petitioner did not forfeit any good-time credits based on this incident. *Id*.

Petitioner filed his Amended Petition for Writ of Habeas Corpus on July 27, 2011,

> alleging violations of the First Amendment, procedural due process rights, and substantive due process rights. He asks the court to expunge both incident reports, reverse all sanctions, reinstate his good-time credits, order his readmission to the Residential Drug and Alcohol Treatment Program ("RDAP"), and declare that his constitutional rights were violated.

As noted, the Magistrate Judge recommends granting in part and denying in part Petitioner's Amended Petition as follows:

> [T]he Amended Petition for Writ of Habeas Corpus (docket #10) should be GRANTED as to the disciplinary hearing resulting in petitioner's conviction for Conduct Which Disrupts or Interferes With the Security or Orderly Running of a BOP Facility, such that the incident report should be EXPUNGED and all sanctions resulting from that particular hearing should be REVERSED. Relief on the remainder of the claims in the Amended Petition should be DENIED.

## DISCUSSION

### I. Respondent's Objections.

Respondent objects to the Findings and Recommendation on the following grounds: (1) the Magistrate Judge erroneously concluded Petitioner's due-process rights were violated in the "Use of Telephone Hearing" and (2) the Magistrate Judge erroneously concluded Petitioner's telephone contact with an inmate's family outside the prison to inform them of the inmate's hospitalization did not risk the safety of prison officers.

#### A. Procedural Due Process.

Respondent objects to the Magistrate Judge's finding that Respondent violated Petitioner's due-process rights in the Use of Telephone hearing when he found Petitioner had violated the prison's regulations against "Conduct Which Disrupts the Security or Orderly Running of a [Bureau of Prisons] Facility (Code 299)," which was determined to be "most like" a "Code 208" for "Interfering With a Security Procedure." As noted, Petitioner was originally notified of a charge of "Use of Telephone for Abuses other than Criminal Activity (Code 297)." The Magistrate Judge concluded Respondent failed to provide Petitioner the due process required under *Wolff v. McDonnell* when DHO Cortez changed the charge for which Petitioner was held accountable at the hearing without prior notice to Petitioner or an opportunity to prepare a defense. *See* 418 U.S. 539 (1974).

Respondent, however, maintains Petitioner was given adequate notice in the initial incident report to satisfy the due-process requirements set out in *Wolff* because Petitioner was disciplined for a "reduced charge" (Code 299, Most Like 208) that was based on the same facts as in the initial charge (Code 297). Respondent cites several cases to support his contention but does not explain the basis for concluding the Code 299 violation for which Plaintiff was disciplined was a "reduced charge."

Petitioner counters that Respondent's arguments and authority are inapposite because Petitioner was not, in fact,

disciplined for a lesser charge. Petitioner cites 28 C.F.R. § 541.3, which provides Code 297 and 299 are each "High Severity Prohibited Acts" and carry the same set of available sanctions.

The Court agrees with the Magistrate Judge that the requirements of *Wolff* were not met in this instance because Plaintiff was not given at least 24 hours notice of the new charge. *See* 418 U.S. at 563-65. The record reflects the original Code 297 violation in the incident report at issue was based on an allegation that Petitioner impermissibly contacted Inmate Hammond's family to convey a message from Hammond that he was to be hospitalized, a fact that the DHO found could not be established. The Code 299 violation, however, was based on a finding that the call Petitioner made to the Hammond family to inform them that Hammond was outside of the facility put the security of Bureau of Prisons (BOP) officers at risk. This charge is sufficiently different from the original Code 297 violation charge to warrant additional notice to Petitioner to "give the charged party [*i.e.,* Petitioner] a chance to marshal the facts in his defense *and to clarify what the charges are, in fact.*" *Wolff*, 418 U.S. at 564 (emphasis added). As the Magistrate Judge found,

> when the DHO changed the charge in the midst of the disciplinary hearing from Use of the Telephone for Abuses other than Criminal Activity to Conduct Which Disrupts or Interferes With the Security or Orderly Running of a BOP Facility, petitioner was

> not: (1) provided advance written notice of the new charge; and (2) allowed an opportunity to call witnesses and present documentary evidence in his defense to the new charge. Had he been provided with notice and an opportunity to defend against this new charge, he could have had other witnesses testify, such as the guards who brought Hammond to and from the hospital to verify that BOP's safety and security were not impacted by petitioner's telephone calls. As a result, petitioner's procedural due process rights were violated as well.

The Court agrees and does not find any error in the Magistrate Judge's conclusion. Under these circumstances, the Court need not resolve the legal issue posed by the Respondent as to the constitutional process required when an inmate is charged with one violation and ultimately is found to be in violation of a lesser charge based on the same facts.

**B. Security Risk.**

As noted, Petitioner was ultimately disciplined for Interfering with a Security Procedure because DHO Cortez concluded Petitioner's notification to one of Inmate Hammond's family members (a long-time friend of Petitioner) put the officers who transported Hammond at risk. Respondent objects to the Magistrate Judge's finding that Petitioner's telephone contact with the Hammond family to inform them that Petitioner thought Hammond had been hospitalized did not risk the security of the officers who transported Inmate Hammond.

The Magistrate Judge noted BOP's policy requires that it

notify an inmate's family when that inmate is hospitalized outside of the facility even though BOP did not do so in this particular instance. The Magistrate Judge found:

> It is difficult to conclude that petitioner's telephone call to Hammond's family created any unique security risks which would not have been associated with any such communication from a BOP official. Indeed, according to the BOP's assigned investigator, petitioner "didn't mention which hospital inmate Hammond was located." Cortez Declaration, Attachment 1, p. 2. Thus, he did not divulge any more information to Hammond's family than the BOP should have, and his conviction on this basis violates his substantive due process rights.

Although Respondent attempts in his Objections to bolster the rationale for the decision by DHO Cortez, the record reflects the DHO found Petitioner guilty of a Code 299 violation ("most like" Code 208) on the ground that any contact by an inmate to inform a person outside of the prison that an inmate would be traveling is *ipso facto* a security risk. Here, however, Petitioner did no more than BOP was supposed to do; *i.e.*, notify Hammond's family of his hospitalization. Although Respondent contends the Magistrate Judge's reasoning ignores the fact that Respondent might be more discreet with the time, place, and manner of the notice to the inmate's family, the record reflects Petitioner only informed Inmate Hammond's family that Petitioner thought Hammond was in the hospital and Petitioner did not identify the hospital. Respondent, nevertheless, asserts even if

Petitioner did not know the location where Hammond was taken, there is a risk that security officers could be "intercepted in route" when they return the inmate to the prison. Again, DHO Cortez's assertion ignores the fact that there is not any evidence in the record that Petitioner disclosed information such as the timing of Hammond's departure for or return from the hospital.

In any event, the Court has already determined Respondent violated Petitioner's procedural due-process rights, which is sufficient under these circumstances to warrant the Court's adoption of the Magistrate Judge's recommendation that Respondent should expunge the incident report at issue and reverse all sanctions that resulted from the incident.

Accordingly, the Court concludes Respondent's Objections do not provide a basis to modify or to reject the Magistrate Judge's Findings and Recommendation.

**II. Petitioner's Objections.**

Petitioner objects to the Findings and Recommendation on the following grounds: (1) the Magistrate Judge erroneously concluded this Court cannot review the decision to remove Petitioner from the RDAP program and (2) the Magistrate Judge erroneously concluded Petitioner cannot challenge the decision in the "Dictionary Hearing."

**A. Reinstatement in the RDAP Program.**

Petitioner objects to the Magistrate Judge's conclusion that Petitioner's removal from the RDAP program is not reviewable by this Court under his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner alleges his procedural due-process rights were violated when he was expelled from the RDAP program because the BOP did not follow its internal guidelines for expelling an inmate from the program such as requiring a formal intervention and a warning before being expelled.

To support her conclusion that the Court cannot review Respondent's decision to expel Petitioner from the RDAP program, the Magistrate Judge relied on a recent decision by the Ninth Circuit that addressed a similar challenge to a BOP decision to expel an inmate from the RDAP program. *See Reeb v. Thomas*, 636 F.3d 1224, 1225-26 (9th Cir. 2011). Reversing a district court's decision that it had the authority to review such a decision, the Ninth Circuit held:

> The BOP has authority to manage inmate drug treatment programs, including RDAP, by virtue of 18 U.S.C. § 3621. To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625. Accordingly, any substantive decision by the BOP to admit a particular prisoner into RDAP, or to . . . remove particular inmates from the RDAP program are likewise not subject to judicial review.
>
> Reeb's claim that he was wrongfully expelled from RDAP, as well as his request for

reinstatement into RDAP . . . are matters properly left to the BOP's discretion. *See Downey v. Crabtree*, 100 F.3d 662, 670 (9th Cir. 1996) ("[The BOP] has broad discretion over the entire drug-treatment process within the federal corrections system, beginning with determining which inmates ever enter substance-abuse programs."). The BOP's Administrative Remedy Program, set forth at 28 C.F.R. § 542.10–19, provides a vehicle for aggrieved inmates to challenge such discretionary BOP determinations.

Reeb contends that because the BOP did not give him proper formal warnings prior to his expulsion, the BOP has "failed to follow the law" such that this Court has jurisdiction to review his habeas claim. The formal warnings that Reeb references are those specified in Program Statement 5330.10.

A habeas claim cannot be sustained based solely upon the BOP's purported violation of its own program statement because noncompliance with a BOP program statement is not a violation of federal law. Program statements are "internal agency guidelines [that] may be altered by the [BOP] at will" . . . . *Jacks v. Crabtree*, 114 F.3d 983, 985 n. 1 (9th Cir. 1997). *See also Reno v. Koray*, 515 U.S. 50, 61, 115 S. Ct. 2021, 132 L. Ed.2d 46 (1995) (characterizing BOP program statements as simply interpretive rules); BOP Program Statement 1221.66, Chapter 2.1 (referring to BOP program statements as "policies," not rules).

* * *

Accordingly, we hold that federal courts lack jurisdiction to review the BOP's individualized RDAP determinations made pursuant to 18 U.S.C. § 3621, such as Reeb's claim herein. Although judicial review remains available for allegations that BOP action is contrary to established federal law, violates the United States Constitution,FN4 or exceeds its statutory authority, Reeb's habeas

> petition alleges only that the BOP erred in his particular case. Because the district court lacked jurisdiction to adjudicate the merits of Reeb's habeas petition, we vacate its judgment and remand with instructions to dismiss for lack of jurisdiction.
>
> > FN4. To the extent that Reeb alleges equal protection and due process violations, these claims must necessarily fail. As to the equal protection violation, Reeb does not present any facts demonstrating that he was treated differently from others who were similarly situated to him. *See McLean v. Crabtree*, 173 F.3d 1176, 1185 (9th Cir. 1999)(finding that an equal protection violation requires the petitioner to show that similarly situated people are being treated differently). Reeb also cannot prevail on his due process claim because inmates do not have a protected liberty interest in either RDAP participation or in the associated discretionary early release benefit. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979)(determining that a prisoner does not have a constitutional right to be released prior to the expiration of a valid sentence); *Moody v. Daggett*, 429 U.S. 78, 88 n.9, 97 S. Ct. 274, 50 L. Ed. 2d 236 (1976)(concluding that discretionary determinations regarding conditions of confinement do not create due process rights); *Jacks*, 114 F.3d at 986 n.4 (finding that 18 U.S.C. § 3621(e)(2)(B) does not create a due process liberty interest in a one-year sentence reduction).

*Id.* at 1227-30.

In his Objection, Petitioner does not identify any factual distinction or legal authority that undermines the Magistrate

Judge's application of *Reeb* to Petitioner's due-process claim. Accordingly, the Court does not find Petitioner's Objection is a sufficient basis to modify or to reject the Findings and Recommendation.

**B. Dictionary Disciplinary Conviction.**

Petitioner also objects to the Magistrate Judge's recommendation that the Court deny his Petition with respect to his disciplinary conviction for improperly possessing a legal dictionary in his cell. The Magistrate Judge concluded habeas relief is not available to challenge an action that affects a prisoner's conditions of confinement rather than the fact or duration of his confinement. To support her conclusion, the Magistrate Judge relied on the Ninth Circuit's decision in *Ramirez v. Galaza* in which the court stated:

> We have held that a prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 for "expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole." *Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989)(citing McCollum v. Miller, 695 F.2d 1044, 1047 (7th Cir. 1982)). *Bostic* does not hold that habeas corpus jurisdiction is always available to seek the expungement of a prison disciplinary record. Instead, a writ of habeas corpus is proper only where expungement is " likely to accelerate the prisoner's eligibility for parole." *Bostic*, 884 F.2d at 1269 (emphasis added). In *Bostic*, we cited the Seventh Circuit's decision in *McCollum* which presumed that where a disciplinary infraction might delay a prisoner's release on parole, the prisoner may, "by analogy to *Preiser*,"

> challenge the disciplinary sentence through habeas corpus. *McCollum*, 695 F.2d at 1047. *Bostic* thus holds that the likelihood of the effect on the overall length of the prisoner's sentence from a successful § 1983 action determines the availability of habeas corpus. *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997)(finding "no difficulty in concluding that a challenge to the procedures used in the denial of parole necessarily implicates the validity of the denial of parole and, therefore, the prisoner's continuing confinement")(emphasis added).
>
> * * *
>
> *Neal* makes clear that under *Preiser* habeas jurisdiction is proper where a challenge to prison conditions would, if successful, necessarily accelerate the prisoner's release. Thus, *Neal* accords with our holding here that habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.

334 F.3d 580, 858-59 (9th Cir. 2003).

Petitioner asserts expungement of his disciplinary conviction for improperly possessing a legal dictionary is "'likely' to accelerate the Petitioner's chances at being released to a Residential Re-Entry Center (RRC) sooner," that expungement would allow him to be *considered* for additional time in an RRC, and that he "has a chance of returning to the community earlier" if the disciplinary hearings are expunged. Even if expungement of the disciplinary conviction at issue were "likely" to affect his "release" to a RRC, however, it must "*necessarily* accelerate" his release to make his claim the proper

subject of habeas relief. *See id.* (emphasis added). Accordingly, Petitioner's argument that expungement *may* affect his eligibility for certain discretionary programs is an insufficient basis to reject the Findings and Recommendation. *See Sandin v. Connor,* 515 U.S. 472, 487 (1995)("The chance that a finding of misconduct will alter the balance [of a parole board hearing] is simply too attenuated to invoke the procedural guarantees of the Due Process Clause.")

In his Supplemental Objections, Petitioner contends Respondent now intends to impose disciplinary segregation as a consequence of Petitioner's disciplinary conviction resulting from this incident report. In his Response, however, Respondent notes disciplinary segregation is not sufficiently more restrictive than an inmate's normal conditions of confinement to implicate a due-process liberty interest. *See Sandin,* 515 U.S. at 485-87 ("We hold that [the petitioner's] discipline in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest."). The Court does not find any basis in this record to conclude otherwise.

Accordingly, the Court concludes Respondent's Objections do not provide a basis to modify or to reject the Magistrate Judge's Findings and Recommendation.

**CONCLUSION**

For these reasons, the Court **ADOPTS** Magistrate Judge Stewart's Findings and Recommendation. Accordingly, the Court **GRANTS** Petitioner’s Amended Petition (#10) as to the disciplinary hearing resulting in Petitioner's conviction for Conduct Which Disrupts or Interferes With the Security or Orderly Running of a BOP Facility, **ORDERS EXPUNGEMENT** of that incident report, and **REVERSES** sanctions resulting from that particular hearing. The Court **DENIES** relief on the remainder of Petitioner’s claims in the Amended Petition.

IT IS SO ORDERED.

DATED this 27th day of January, 2012.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge